HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
KIMON MANOLIUS - 15497
WARREN WEBSTER - 209540
JULIA H. VEIT - 209207
KARIN M. ARNOLD - 228565
333 Market Street, 21st Floor
San Francisco, CA  94105-2173
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366
jveit@hansonbridgett.com

FRANCIS F. CHIN – 059231
CYNTHIA E. SEGAL – 179636
Metropolitan Transportation Commission
Joseph P. Bort Metrocenter
101 8th Street
Oakland, Ca 94607-4700
Telephone: (510) 817-5700
Facsimile: (510) 817-5848
fchin@mtc.ca.gov

Attorneys for Defendant
METROPOLITAN TRANSPORTATION COMMISSION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA DARENSBURG, VIRGINIA MARTINEZ, and VIVIAN HAIN; individuals on behalf of themselves and all others similarly situated; AMALGAMATED TRANSIT UNION 192; COMMUNITIES FOR A BETTER ENVIRONMENT,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN TRANSPORTATION COMMISSION,<br><br>Defendant. | No. C 05 01597  EDL<br><br>**DEFENDANT METROPOLITAN TRANSPORTATION COMMISSION'S OBJECTIONS TO ACLU's MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF**<br><br>Date:   Tuesday, December 20, 2005<br>Time:   2:00 p.m.<br>Crtrm:  E, 15th Floor<br>Before: Magistrate Judge Elizabeth D. LaPorte |

## I.     INTRODUCTION

The American Civil Liberties Union Foundation of Northern California ("ACLU-NC") filed its Motion for Leave to File an *Amicus* Brief in Opposition to the Metropolitan Transportation Agency's ("MTC") Motion to Dismiss ("Motion") pursuant to Civil L.R. 7-11. The defendant objects to the ACLU-NC's motion on five grounds. First, the Motion does not meet the standard set forth in F.R.A.P. 29 which dictates when a federal court should accept an *amicus* brief. Second, Civil L.R. 7-11 only applies to *parties* to the litigation that are requesting *administrative* relief. Third, even if Civil L.R. 7-11 is available to the ACLU-NC, MTC should have been given 3 days to submit opposition to the Motion before the Court took action. See Civil L.R. 7-11 (b) and (c). Fourth, the Motion is functionally a motion to reconsider the Court's September 19, 2005 Order and it fails to meet the standard set forth in Civil L.R. 7-9 for a motion to reconsider. Fifth, if the Court does grant the Motion and considers the ACLU-NC's *amicus* brief, the Court should issue a briefing schedule and give the MTC sufficient time to respond to the ACLU-NC's *amicus* brief.

## II.     ARGUMENT

**A.     In Its Motion for Leave to File an *Amicus* Brief, the ACLU-NC Did Not Sufficiently Identify Its Interest Or State Why a Brief of *Amicus Curiae* Is Desirable.**

There are no federal rules or statutes that guide the district courts in determining whether leave to file an *amicus* brief should be granted. However, Federal Rule of Appellate Procedure 29 describes the procedure and sets forth the standard for when leave to file an *amicus* brief should be granted in appellate cases and other district court's have looked to rule for guidance. *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (borrowing and applying the standard in F.R.A.P. 29 in deciding not to grant movant's motion for leave to file an *amicus* brief).

In order for leave to file an *amicus* to be granted, F.R.A.P. 29 (b) requires that the movant demonstrate the it's interest and the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. According to Judge Posner, an *amicus* brief is desirable only when; the moving party is not represented competently or at all; the amicus has an

1

interest in another case that may be affected by the decision in the present case; or, the amicus has unique information or perspective that can help the court beyond the help that the parties are able to provide. *Ryan v. Commodity Futures Trading Commn.,* 125 F.3d 1062, 1063 (7th Cir. 1997).

The ACLU-NC has failed to satisfy the Rule 29 standard. First, the ACLU-NC has not sufficiently established its interest in the litigation beyond the fact that it is part of a nationwide civil rights organization and this is a civil rights case. Second, the interests of the ACLU-NC as a civil rights organization are competently represented by the army of career civil rights attorneys working for the plaintiffs, including but not limited to, Mr. Bill Lann Lee's team from Lieff, Cabraser  LLP, Mr. Richard Marcantonio's team from Public Advocates, Inc., and Mr. William Rostov's team from Communities for a Better Environment. Third, the Court order for which the ACLU-NC seeks reconsideration will have no impact on the ACLU-NC's interests in other cases. The interlocutory order at issue has no precedential effect outside of this litigation. Fourth, the ACLU-NC does not possess unique information or perspective that will help the Court beyond that which the actual parties are able to provide. Again the plaintiffs' attorneys knowledge and experience handling complex civil rights litigation should be sufficient to provide the Court with the necessary perspective on civil rights law. Thus, because the ACLU-NC has failed to meet the Rule 29 standard, its motion for leave to file an *amicus* brief should be denied.

**B.    Civil L.R. Rule 7-11 Is Not the Correct Mechanism for the ACLU-NC to Make a Motion for Leave to File an *Amicus* Brief Because the ACLU-NC Is Not a Party to the Litigation and Is Not Requesting Administrative Relief.**

The ACLU-NC did not utilize the correct procedural mechanism to bring their motion to file an amicus brief . Civil L.R. 7-11 states that "a *party* may require a Court order with respect to miscellaneous *administrative* matters, not otherwise governed by federal statute or Federal or local rule...". Civil L.R. 7-11 (emphasis added).  The rule lists as examples motions to exceed page limitations or to file documents under seal. Civil L.R. 7-11.

Here, the ACLU-NC is not a party to the litigation and therefore is not entitled to make administrative motions pursuant to Civil L.R. 7-11. Allowing nonparties to use Civil L.R. 7-11 as a catch-all mechanism through which to make substantive motions that the Federal and local rules do not otherwise allow, would open litigation in the district courts to frequent surprise and delay

2

MTC'S OPPOSITION TO BRIEF OF *AMICUS CURIAE*;
Case No. C 05 01597  EDL

1224546.1

from nonparties.  Further, even if the ACLU-NC were entitled to make a Civil L.R. 7-11 motion, a motion for leave to file an *amicus* brief is not synonymous with a motion to exceed page limits, the type of technical motion for administrative relief actually contemplated by Civil L.R. 7-11. Finally, the ACLU-NC's nine (9) page motion did not comply with Rule 7-11's five (5) page limit.  For all of these reasons, the ACLU-NC's motion pursuant to Civil L.R. 7-11 should have been denied.

**C.    Even if Civil L.R. 7-11 Is Applicable, the MTC Should Have Been Given Three Days from the Date the ACLU-NC's Motion Was Filed to Submit an Opposition.**

Assuming arguendo that the ACLU-NC may use Civil L.R. 7-11 to make its Motion, the MTC should have been given three days to submit opposition to the Motion before the Court issued its order.  Civil L.R. 7-11 (b) provides that an opposition must be filed "no later the third day after the motion has been filed".  Civil L.R. 7-11 (c) goes on to say that Rule 7-11 motions are deemed submitted and ready for action by the Court on the day after the opposition is filed. Thus, given that the ACLU-NC's motion was filed on November 29, 2005, the earliest day the motion could be considered submitted to the Court and ready for Court action would be December 5, 2005 (December 3, 2005 is a Saturday), the day after opposition would be due.

**D.    The ACLU-NC's Motion Is Functionally a Motion for Leave to File a Motion to Reconsider and Fails to Meet the Standard Set Forth In Civil L.R. 7-9 for When a Court May Reconsider a Previous Interlocutory Order.**

The ACLU-NC's Motion is actually a motion for leave to file a motion to reconsider the Court's September 19, 2005 Order ("Order"), which granted MTC's Motion to Dismiss with leave to amend.  Rather than contesting any legal arguments set forth in MTC's October 28, 2005 Motion to Dismiss, the ACLU-NC's *amicus* brief merely seeks to have the court reconsider the stigmatic injury/standing issue already decided by the Court.[1]  The ACLU-NC's own *amicus* brief states, "we urge the court to *reconsider* the correctness and wisdom of its holding that facially discriminatory classifications must be implicated before a plaintiff has standing to challenge intentional discrimination to remedy a non-economic, stigmatic injury." (ACLU-NC's *Amicus*

---

[1] "Plaintiffs have not alleged the type of stigmatic injury that by itself is sufficient to confer standing." (Order Granting with Leave to Amend Def's Motion to Dismiss, at 6)

3

1  Brief, at 1 (emphasis added)).

2  Given that the ACLU-NC's Motion is actually a motion to reconsider, it must satisfy the
3  standard set forth in Civil L.R. 7-9 in order to be considered by the Court. Thus, ACLU-NC must
4  demonstrate that: (1) a material difference in fact or law exists from that which was presented to
5  the Court before entry of the interlocutory order for which reconsideration is sought *and* that
6  using reasonable diligence it was unaware of this fact or law at time of order; or, (2) new facts or
7  law have emerged since time of order; or, 3) the Court failed to consider material facts or
8  dispositive arguments that were presented to the Court before such interlocutory order. Civil L.R.
9  7-9 (b). Mere repetition of previous arguments is strictly prohibited. Civil L.R. 7-9 (c).

10  As a threshold issue, the ACLU-NC is not a *party* to the litigation and thus is not in a
11  position to file a motion for leave to make a motion for reconsideration. Regardless, even if the
12  Court finds that the ACLU-NC may make such a motion, the ACLU-NC has not satisfied the
13  Rule 7-9 standard. The ACLU-NC *amicus* brief does not present a material difference in fact or
14  law could justify a reversal of the Court's Order; it merely asserts the irrelevant argument that it is
15  *possible* for a plaintiff to establish standing in a discrimination action when the alleged
16  discrimination is covert and the injury non-economic (*i.e.*, stigmatic). (*See generally,* ACLU-
17  NC's Brief of *Amicus Curiae*). The brief does not shed any new light on why plaintiffs alleging a
18  stigmatic injury resulting from *facially neutral* policies should be able to avoid showing causation
19  and the potential for redress in order to establish standing. Asserting that the Court has "turned a
20  blind eye to our long history of covert discrimination", the ACLU-NC cites *Yick Wo v. Hopkins,*
21  118 U.S. 356 (1886). (ACLU-NC *amicus* brief, 5). However, *Yick Wo* establishes that facially
22  neutral policies that have a discriminatory effect may be actionable in certain circumstances. 118
23  U.S. at 373-74. It does not establish that plaintiffs who allege they are victims of facially neutral
24  but discriminatory policies may avoid showing causation when standing is challenged. Because
25  that was the issue the Court decided, *Yick Wo* is irrelevant here.

26  Moreover, Plaintiffs' counsel relied on several of the same authorities and made the same
27  factual arguments. Thus, there is no new law or facts to justify reconsideration. Finally, the
28  *amicus* brief does not even assert that the there are new facts or a change of law since the time of

4

1  the Court's order or that the Court failed to consider material facts or dispositive arguments that

2  were presented to the Court before its order.  Civil L.R. 7-9 (b).  Therefore, the ACLU-NC's

3  Motion should be denied because it is functionally a motion to reconsider and fails to satisfy the

4  Rule 7-9 standard establishing when the Court should entertain such motions.

E.  **If the Court Does Consider the ACLU-NC's *Amicus* Brief, the MTC Requests a Briefing Schedule to Respond to the ACLU-NC's Brief.**

If the Court does consider the ACLU-NC's *amicus* brief, the MTC requests that the Court develop a briefing schedule to allow the MTC time to properly respond to the ACLU-NC's arguments and allows the MTC to file a proper opposition brief within the appropriate page limits.

### III.  CONCLUSION

The ACLU-NC's Motion should be denied because it fails to meet the standard set forth in F.R.A.P. 29 used to determine when a federal court should consider an *amicus* brief.  In making its Motion, the ACLU-NC has wrongly tried to use Civil L.R. 7-11, a rule covering motions for administrative relief, to make its Motion and it has violated the rules of form set forth in that rule. At the very least, the MTC should have been given the opportunity to submit its opposition to the Motion prior to the Court taking action.  Finally, the ACLU-NC's *amicus* brief shows that its Motion is actually a motion for reconsideration and the ACLU-NC has not satisfied the standard for when a court may consider a motion for reconsideration.

For the above reasons the MTC requests the Court deny the ACLU-NC's Motion. If not, the MTC requests that the court give the MTC ample time to respond to the ACLU-NC *amicus* brief.

DATED:  December 2, 2005                            Hanson Bridgett Marcus Vlahos & Rudy, LLP

By:                   /s/
  KIMON MANOLIUS
  JULIA H. VEIT
  Attorneys for Defendant
  METROPOLITAN TRANSPORTATION
  COMMISSION