| | |
|---|---|
| BILL LANN LEE (State Bar No. 108452) | KIMON MANOLIUS (State Bar No. 15497) |
| blee@lchb.com | WARREN WEBSTER (State Bar No. 209540) |
| NIREJ S. SEKHON (State Bar No. 213358) | JULIA H. VEIT (State Bar No. 209207) |
| nsekhon@lchb.com | KARIN M. ARNOLD (State Bar No. 228565) |
| LIEFF, CABRASER, HEIMANN | HANSON BRIDGETT MARCUS |
|   & BERNSTEIN, LLP |   VLAHOS & RUDY, LLP |
| Embarcadero Center West | 425 Market Street, 26th Floor |
| 275 Battery Street, Suite 3000 | San Francisco, CA 94105-2173 |
| San Francisco, CA 94111-3339 | Telephone: (415) 777-3200 |
| Telephone: (415) 956-1000 | Facsimile: (415) 541-9366 |
| Facsimile: (415) 956-1008 | jveit@hansonbridgett.com |

Attorneys for Plaintiffs Sylvia Darensburg, Virginia Martinez, Vivian Hain, and the Proposed Class; and Plaintiff Communities for a Better Environment

[Additional Plaintiffs' counsel listed on signature page]

FRANCIS F. CHIN (State Bar No. 059231)
CYNTHIA E. SEGAL (State Bar No. 179636)
METROPOLITAN TRANSPORTATION COMMISSION
Joseph P. Bort Metrocenter
101 8th Street
Oakland, CA 94607-4700
Telephone: (510) 817-5700
Facsimile: (510) 817-5848

Attorneys for Defendant Metropolitan Transportation Commission

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA DARENSBURG, VIRGINIA MARTINEZ, and VIVIAN HAIN; individuals on behalf of themselves and all others similarly situated; AMALGAMATED TRANSIT UNION 192; COMMUNITIES FOR A BETTER ENVIRONMENT,<br><br>    Plaintiffs,<br><br>v.<br><br>METROPOLITAN TRANSPORTATION COMMISSION,<br><br>    Defendant. | No. C 05 01597 EDL<br><br>**STIPULATION AND <u>PROTECTIVE ORDER</u>**<br>AS MODIFIED |

     Plaintiffs Sylvia Darensburg, Virginia Martinez, Vivian Hain, and the Proposed Class; Plaintiff Communities for a Better Environment and Plaintiff Amalgamated Transit Union Local

1  192 and Defendant Metropolitan Transportation Commission, hereby stipulate to the following:

2      1.    PURPOSE. Production of documents does not result in the express or implied

3  waiver of any privilege or protection for the materials produced in the course of this litigation in

4  the above-entitled action. To safeguard the protection of any inadvertently disclosed materials

5  subject to the attorney-client or work product privileges in the production of documents in this

6  litigation, the parties agree that the production shall be governed by the procedures and terms set

7  forth in this Protective Order Regarding Inadvertent Disclosure of Privileged Material ("Order").

8  This Order shall also govern resolution of any disputes that arise between or among the parties

9  over the designation of any documents or other materials as privileged.

10      2.    DEFINITIONS.

11          2.1    Party: Any party to this action, including all of its officers, directors,

12  employees, consultants, retained experts, and Counsel (as defined below).

13          2.2    Disclosure or Discovery Material: all items or information, regardless of

14  the medium or manner generated, stored, or maintained (including, among other things,

15  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

16  responses to discovery in this matter.

17          2.3    Receiving Party: a Party or non-party, including but not limited to

18  Professional Vendors, that receives Disclosure or Discovery Material from a Producing Party.

19          2.4    Producing Party: a Party or non-party that produces Disclosure or

20  Discovery Material in this action.

21          2.5    Protected Material: any Disclosure or Discovery Material that is privileged

22  under the attorney-client or work product privileges.

23          2.6    Outside Counsel: attorneys, as well as their support staff, who are not

24  employees of a Party but who are retained to represent or advise a Party in this action.

25          2.7    House Counsel: attorneys, as well as their support staff, who are employees

26  of a Party.

27          2.8    Counsel (without qualifier): Outside Counsel and House Counsel.

28          2.9    Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors retained in this action.

3. SCOPE. This Order shall govern all Disclosure or Discovery Material, and all parties to this action and their counsel of record shall be bound by the provisions hereof. Additionally, this Order may be made applicable to production by a non-party, if designated by the non-party and agreed to by any party hereto. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom (such as copies, excerpts, summaries, or compilations thereof) by a Receiving Party. This Order prohibits the Receiving Party from revealing any information set forth in the preceding sentence in any way, except as provided for in Paragraph 7.

4. DURATION. Even after the termination of this litigation, the obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.

5. MANNER OF PRODUCTION. The parties agree that Defendant's responsive documents will be made available for inspection by the Receiving Party. During the inspection, the Receiving Party may select those documents that it believes are relevant to the case. For each selected document, the Producing Party may either (a) produce the selected document or (b) place the selected document on a privilege log.

6. INADVERTENT DISCLOSURE OF DISCOVERY MATERIAL. The inadvertent disclosure of Protected Material which a Party or non-party later claims should not have been produced because of a privilege belonging to that entity, including but not limited to the attorney-client privilege or work-product privilege, will not be deemed to waive any privileges. A Party or non-party may request the return of any Protected Material. A request for the return of any Protected Material shall identify the Protected Material from production. If a Party or other entity producing documents in this litigation requests the return, pursuant to this Paragraph of any Protected Material, the Receiving Party must immediately return the material in question to the Producing Party, destroy all information copied or extracted therefrom by the

Receiving Party and refrain from revealing any such information as set forth in Paragraph 3. The Party or parties returning such Protected Material shall not assert as a ground for entering an order compelling production of the Protected Material the fact or circumstances of the inadvertent production.

If a Receiving Party identifies information during its inspection, which it believes may be Protected Material inadvertently disclosed, it must immediately notify and/or return the material, along with any information covered by this Order as set forth in Paragraph 3 to the Producing Party. Should the Producing Party assert a claim of privilege over the identified material, it may request the return of the Protected Material and any information copied or extracted therefrom by the Receiving Party and that the Receiving Party refrain from revealing any information it obtained from the Protected Material as set forth in Paragraph 3.

7.  **CHALLENGING PRIVILEGE CLAIMS**

   7.1   <u>Claim of Privilege.</u>  If Protected Material is produced in discovery that is subject to a claim of attorney-client privilege or work product protection, the Producing Party making the claim may notify any Party that received the Protected Material of its claim and the basis for return, sequester, or destruction of the specified information until the claim is resolved. If the Receiving Party disclosed the Protected Material before being notified, it must take reasonable steps to retrieve it as specified in Paragraph 8. Once returned, the Producing Party must preserve the Protected Material until the claim is resolved.

   7.2   <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Producing Party's privilege claim must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient unless either Party fails to respond to a voice communication in a reasonable manner) with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the privileged claim was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it made reasonable efforts to engage in this meet and confer process

STIPULATION FOR PROTECTIVE; C 05 01597 EDL                              1238939.2

1  first.

2      7.3     Judicial Intervention. A Party that elects to press a challenge to a privilege
3  claim after considering the justification offered by the Producing Party may promptly file and
4  serve a motion under Civil Local Rule 7 under seal in compliance with Civil Local Rule 79-5 that
5  identifies the challenged material and sets forth in detail the basis for the challenge for the court
6  to undertake an *in camera* review, in its discretion. Each such motion must be accompanied by a competent
7  declaration that affirms that the movant has complied with the meet and confer requirements
8  imposed in the preceding paragraph and that sets forth with specificity the justification for the
9  privilege claim that was given by the Producing Party in the meet and confer dialogue.

10     The burden of persuasion in any such challenge proceeding shall be on the Producing
11 Party. Until the court rules on the challenge, the Producing Party must preserve the information.

12     8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a
13 Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to
14 any person or in any circumstance not authorized under this Order, the Receiving Party must
15 immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) inform
16 the person or persons to whom unauthorized disclosures were made of all the terms of this Order,
17 (c) request that the persons or persons immediately return, sequester or destroy the Protected
18 Materials, including all copies, abstracts, compilations, summaries or any other form of
19 reproducing or capturing any of the Protected Material to the Producing Party and use its best
20 efforts to ensure that the person or persons comply with this request; and (d) whether the
21 Protected Material is returned or destroyed, the person or persons must submit a written
22 certification to the Producing Party within five (5) days that identifies (by category, where
23 appropriate) all the Protected Material that was returned or destroyed and that affirms that the
24 Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of
25 reproducing or capturing any of the Protected Material.

26     9.     MISCELLANEOUS
27     9.1     Right to Further Relief. Nothing in this Order abridges the right of any
28 person to seek its modification by the Court in the future.

9.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED.

Dated: February 23, 2006

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: /s/ Nirej Sekhon
Nirej Sekhon

Bill Lann Lee
Nirej S. Sekhon
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Attorneys for Plaintiffs Sylvia Darensburg, Virginia Martinez, Vivian Hain, and the Proposed Class; and Communities for a Better Environment*

Peter D. Nussbaum
Daniel T. Purtell
Linda Lye
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

*Attorneys for Plaintiff Amalgamated Transit Union Local 192*

Richard Marcantonio
Guillermo Mayer
PUBLIC ADVOCATES, INC.
131 Steuart Street, Suite 300
San Francisco, CA 94105
Telephone: (415) 431-7430
Facsimile: (415) 431-1048

*Attorneys for Plaintiffs Sylvia Darensburg, Virginia Martinez, Vivian Hain, and the Proposed Class*

William B. Rostov
Adrienne Bloch
COMMUNITIES FOR A BETTER ENVIRONMENT
1611 Telegraph Avenue, #450
Oakland, CA 94612
Telephone: (510) 302-0430
Facsimile: (510) 302-0438

*Attorneys for Plaintiff Communities for a Better Environment*

| | |
|---|---|
| Dated: February 24, 2006 | HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP |

By: _____
     Julia H. Veit

Kimon Manolius
Warren Webster
Julia H. Veit
Karin M. Arnold
HANSON BRIDGETT MARCUS
  VLAHOS & RUDY, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105-2173
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Francis F. Chin
Cynthia E. Segal
METROPOLITAN TRANSPORTATION COMMISSION
Joseph P. Bort Metrocenter
101 8th Street
Oakland, CA 94607-4700
Telephone: (510) 817-5700
Facsimile: (510) 817-5848

*Attorneys for Defendant Metropolitan Transportation Commission*

IT IS SO ORDERED.

Dated: February 24, 2006

_____
ELIZABETH
United States

[Stamp: IT IS SO ORDERED AS MODIFIED — Elizabeth D. Laporte — Judge Elizabeth D. Laporte — United States District Court, Northern District of California]