IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA DARENSBURG, et al., | No. C-05-01597 EDL |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY; OVERRULING DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS AND REGARDING DEFENDANT'S OBJECTIONS TO PLAINTIFFS' OTHER EVIDENCE** |
| v. | |
| METROPOLITAN TRANSPORTATION COMMISSION, | |
| Defendant. | |

In connection with the parties' summary judgment motions, Defendant filed a Motion to Exclude Expert Testimony, Objections to Evidence Submitted by Plaintiffs in Support of Summary Adjudication, and Objections to Plaintiffs' Other Evidence. The Court resolved the Motions for Summary Judgment in an order dated August 21, 2008. This Order addresses the evidentiary issues raised by Defendant.

**Defendant's Motion to Exclude Expert Testimony**

Defendant moves to exclude expert testimony and evidence by Richard Berk and Thomas Rubin under Federal Rules of Evidence 702, 703, and 705. These objections are overruled. The focus is really on Rule 702, which allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Further, "[w]hen the gatekeeper and the fact finder are the same, the court may admit evidence subject to the ability later to exclude it or disregard it, if the evidence

turns out not to meet the standard of reliability under Rule 702." 4-702 Weinstein's Federal Evidence § 702.02 (citing In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) ("That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."); see also United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

With respect to Mr. Berk, Defendant contends that his opinions are not appropriate expert material because he does not offer an opinion that requires application of specialized knowledge. Defendant argues that when presented with evidence similar to that which Mr. Berk reviewed to determine minority ridership on Bay Area transit systems, the average layperson could easily determine that percentage. However, Defendant concedes that Berk used at least minimal statistical analysis to determine overall minority ridership, and then calculated the margin of error with respect to AC Transit. See Def.'s Reply at 3:25-27. A layperson should not be expected to perform such analysis, and as Defendant does not contest the numbers reached by Mr. Berk, the Court does not exclude these opinions. See Reply at 4:2-4 (noting that these figures are not in dispute).

Defendant also argues that Mr. Berk's conclusion that because AC Transit riders are more likely to be members of a minority group, they are more likely to be affected by funding decisions that adversely affect AC Transit is not based on his expertise. While this is somewhat of a common sense inference, and Plaintiff points out no particular expertise of Mr. Berk's that make him any more qualified to make such an inference, there are no reliability problems and no reason to strike Mr. Berk's opinion for summary judgment purposes, especially here, where the Court is the trier of fact and is acting as a gatekeeper for itself. Therefore, Defendant's Motion to Exclude with respect to Mr. Berk is denied.

With respect to Mr. Rubin, his qualifications are not in dispute. Instead, Defendant argues that Mr. Rubin does not know enough about the particular facts of this case to render an expert

2

opinion. For example, Defendant notes that Mr. Rubin concluded that Defendant's practice of failing to cover the operating shortfalls forces AC Transit to reduce service levels (Rubin Decl. ¶ 40) and that Defendant created AC Transit's operating shortfalls (Rubin Decl. ¶ 27), and pointed to funding sources that Defendant should have used to cure AC Transit's shortfalls, but that Mr. Rubin could not state what Defendant failed to cover, what funding AC Transit had sought from Defendant or what AC Transit was eligible to receive. Plaintiffs, however, note that Mr. Rubin is a recognized transit finance expert, and that because his opinion focused on Defendant's actions, he did not address what funding AC Transit asked for or was eligible to receive because Plaintiffs did not ask him to opine on these matters.

Any failure by Mr. Rubin to consider facts relating to AC Transit's actual requests for funding go to the weight of the evidence, not its admissibility. Accordingly, Defendant's Motion to Exclude with respect to Mr. Rubin is denied.

**Defendant's Objections to Evidence Submitted by Plaintiff in Support of Motion for Summary Adjudication**

Defendant objects to evidence submitted in support of Plaintiffs' Motion for Summary Adjudication. Specifically, Defendant objects to the declaration of expert Thomas Rubin and the attached expert reports, to the declaration of expert Richard Berk, to the declaration of expert Thomas Sanchez and to the declaration of attorney Richard Marcantonio and attached exhibits.

**Mr. Rubin**

Defendant argues that Mr. Rubin's declaration is simply a new version of his expert reports and is therefore unnecessary and is an improper expert report. Defendant, however, acknowledges that Mr. Rubin adds nothing new in his declaration. To the extent that the declaration simply summarizes Mr. Rubin's reports, it is permissible. Defendant's objection to the declaration as whole is overruled.

Defendant also objects to portions of the Rubin declaration and reports on the grounds that they provide legal conclusions. See, e.g., Rubin Decl. ¶¶ 13, 14, 15, 17, 23 and 34; see also Jarritos v. Los Jarritos, 2007 U.S. Dist. LEXIS 32245, *36 (N.D. Cal. 2007) ("Expert testimony regarding legal conclusions is inappropriate."). Although an expert may not provide testimony on an ultimate legal issue, he may testify as to findings that support the ultimate issue. See Hangarter v. Provident

3

Life and Accident Ins. Co., 373 F.3d 998, 1016-17 (9th Cir. 2004) ("While [the expert's] testimony that Defendants deviated from industry standards supported a finding that they acted in bad faith, the expert] never testified that he had reached a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law)."). Further, an expert may refer to the law in expressing an opinion without crossing the line into a legal conclusion. See id. ("Although [the expert's] testimony that Defendants departed from insurance industry norms relied in part on his understanding of the requirements of state law, specifically California's Unfair Settlement Claims Practice § 2695, 'a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.' [citation omitted]. [The expert's] references to California statutory provisions-none of which were directly at issue in the case-were ancillary to the ultimate issue of bad faith."). Here, Mr. Rubin's declaration references laws allegedly applicable to Defendant, but does not opine on the ultimate legal conclusion. Further, because this is a court trial, any issues of jury confusion about this evidence are alleviated. Defendant's objection on this ground is overruled.

Defendant also objects on the grounds that Mr. Rubin lacks knowledge to opine on the subject of funding sources. This is essentially the same argument Defendant made in its Motion to Exclude Expert Testimony. Therefore, for the reasons stated above, Defendant's objection on this ground is overruled.

Finally, Defendant objects to nearly every paragraph in Mr. Rubin's declaration. The Court has carefully reviewed all of Defendant's objections and overrules them. Accordingly, Defendant's Objections to Evidence Submitted by Plaintiffs with respect to Mr. Rubin are overruled.

**Mr. Berk/Mr. Sanchez**

Defendant objects to the Berk declaration because it was not mentioned in Plaintiffs' motion for summary adjudication, and to the Sanchez declaration because it is only mentioned once in a footnote. Defendant cites no authority for striking declarations on this basis. Defendant's Objections to Evidence Submitted by Plaintiffs with respect to Mr. Berk and Mr. Sanchez are overruled.

4

**Mr. Marcantonio**

Defendant objects to numerous exhibits to the Marcantonio declaration on numerous grounds, including lack of authentication and failure to mention the exhibits in Plaintiffs' motion for summary adjudication. For the reasons stated below, the objections are overruled or deferred.

1. Exhibits. 1, 9-11, 13, 17, 21, 23-30, 34-39, 45, 50-53, and 59 (and related paragraphs in the Marcantonio declaration). Defendant's objection that the exhibits are not referenced in Plaintiffs' motion is overruled.

2. Exhibits 1, 4, 9, 12, 14, 16, 19, 21, 24, 27, 31, 35, 38, 43 and 45 (and related paragraphs in the Marcantonio declaration). Defendant's objection that "All objections made by MTC during deposition are incorporated herein by reference" is overruled. These exhibits are excerpts of depositions of Defendant's witnesses, and Defendant cites no authority for requiring the Court to scour the excerpts to find objections and rule on them.

3. Exhibits 5-6 (and related paragraphs in the Marcantonio declaration). Defendant's objection that "The attached U.S Code is not evidence, but law," is overruled. While statutes are not evidence, Defendant has cited no authority for its objection, or cited any reason why a prior version of a law can not be attached to counsel's declaration.

4. Exhibits 10, 11, 20, 22, 25, 30, 32-33, 48-49, 51-53, 55-59, 61 (and related paragraphs in the Marcantonio declaration). Defendant's objections regarding these exhibits are overruled. Information provided by Plaintiffs in the Marcantonio Opposition Declaration largely address Defendant's objections. For example, Defendant objects to exhibits 10 and 11 on the grounds that they do not have a cover page, but the Marcantonio opposition declaration that the documents did not have cover pages when they were downloaded from the website. See Marcantonio Opp. Decl. ¶¶ 100-101. As another example, Defendant objects to exhibit 56 on the grounds that it is not authenticated and is not complete, but Plaintiffs have cured these issues in the Marcantonio opposition declaration, in which counsel authenticates the exhibit and attaches a complete version at exhibit 87. See Marcantonio Opp. Decl. ¶ 95.

5. Exhibits 7-8 (and related paragraphs in the Marcantonio declaration). Defendant's objections on the grounds that these are draft documents and are irrelevant are overruled.

5

6. Exhibit 22 (and related paragraph in the Marcantonio declaration). Defendant's objection based on lack of foundation is overruled. Plaintiffs state that this exhibit was authenticated at the Bockelman deposition and have further supplemented the authentication showing in the Marcantonio opposition declaration, stating that the documents have only been altered where counsel removed the charts and put them together.

7. Exhibits 40, 42, 44 and 46 (and related paragraphs in the Marcantonio declaration). Defendant's objection that the exhibits are incomplete are moot. Exhibits 44 and 46 are excerpts from the Cervero and Boedecker expert reports, which Defendant contends are misrepresentations because they are not complete. Defendant does not point to any specific part of the excerpt that is misleading, and in any event, those expert reports have been produced in their entirety by Defendant. Exhibits 40 and 42 are excerpts of depositions from Plaintiffs' witnesses for which missing pages were attached to the Marcantonio opposition declaration.

8. Exhibit 47 (and related paragraph in the Marcantonio declaration). Defendant's objection that: "All objections made by MTC in its response are incorporated herein by reference," is overruled. Exhibit 47 is Defendant's Response to Plaintiffs' Sixth Set of Interrogatories, and Defendant cites no authority for requiring the Court to examine the exhibit to find objections and rule on them.

9. Exhibits 48, 49, 63, and 64 (and related paragraphs in the Marcantonio declaration). Defendant's objection that the exhibits are verified by a person lacking personal knowledge is overruled. Exhibits 48 and 49 are the organizational Plaintiffs' responses to interrogatories. The verifications are from a representative of the organization, which are sufficient as constituting the "information available to the party," and the responses are supported by individual members' statements. See Fed. R. Civ. Proc. 33(b)(1)(B). Exhibits 63 and 64 are individual Plaintiffs' responses to interrogatories. To the extent that these discovery responses relate to the injury suffered by Plaintiffs, they are not objectionable for lack of personal knowledge.

10. Exhibits 51-53 (and related paragraphs in the Marcantonio declaration). Defendant's

objection based on hearsay is overruled. The exhibits constitute public records and are therefore subject to the public records exception to the hearsay rule. See Fed. R. Evid. 803(8).

**Defendant's Objections to Evidence Submitted by Plaintiffs in Support of their Combined Opposition and Reply**

Finally, Defendant filed 185 pages of objections to evidence submitted by Plaintiffs in support of their combined opposition and reply. Plaintiffs filed a response to these objections. The Court has reviewed Defendant's objections and declines to address each objection individually, particularly to the extent that Defendant makes similar objections to those raised above. See, e.g., Objections at 10 to Marcantonio Opposition Decl. Ex. 39-40 (objecting on the grounds that the exhibits were not referenced in Plaintiffs' combined opposition and reply). The Court did not rely on any objectionable material in its Order on summary judgment. Further, the Court notes that at least some objections relate to the weight of certain evidence, rather than its admissibility. See, e.g., Objections at 46 to Casias Decl. at ¶ 13.

In general, the Court is concerned that Defendants' objections are excessive and not well-taken, especially in light of the reality that this case will be tried to the Court. The Court notes that both parties have filed voluminous objections to proposed trial exhibits, written discovery designations, deposition designations and witnesses, which could require a disproportionate amount of the Court's time for little benefit if the Court were to review them all in detail. The parties are encouraged to withdraw objections of the type overruled in this order.

**IT IS SO ORDERED.**

Dated: September 15, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

7