**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA DARENSBURG, et al., | No. C-05-01597 EDL |
| Plaintiff, | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| v. | |
| METROPOLITAN TRANSPORTATION COMMISSION, | |
| Defendant. | |

On September 19, 2008, the Court held a pretrial conference in this matter. For the reasons stated at the hearing, the Court issues the following order:

1. Trial in this matter will run from 8:45 a.m. to 3:00 p.m., Monday through Thursday beginning on October 1, 2008, except for October 13, October 20 and October 23, 2008. The Court will conclude the trial day at 1:45 p.m. on October 27, 2008. Pursuant to the parties' agreement, the total number of hours for trial will be 60 hours, divided into 30 hours for each party.

2. The parties shall meet and confer regarding the order of presentation of witnesses, including the possibility of presenting some testimony from opposing sides "back to back" as described at the pretrial conference, and regarding the amount of notice to be given before calling a witness.

3. The parties stated that they would be filing amended objections to exhibits on September 22, 2008.

4. Defendant's Motion in Limine to exclude all witnesses from the courtroom until called to testify is denied as to expert witnesses. Defendant clarified at the pretrial conference that it did not seek to exclude named Plaintiffs.

5. Defendant's Motion in Limine to exclude all hearsay statements is denied. The Court will address objections on this basis during trial.

6. Defendant's Motion in Limine to exclude testimony by witnesses without personal knowledge is denied. The Court will address objections on this basis during trial.

7. Defendant's Motion in Limine to exclude evidence of the parties' settlement discussions is granted.

8. Defendant's Motion in Limine to exclude time-barred evidence is denied with respect to pre-2003 evidence on the basis that while Plaintiffs' continuing violation theory may not be viable, historical information may be relevant as background. Defendant's Motion in Limine to exclude pre-1996 evidence is denied, but the Court notes that the probative value of this remote evidence may be limited.

9. Defendant's Motion in Limine to exclude evidence of legally impossible funding options is denied because the parties dispute what is impossible.

10. Defendant's Motion in Limine to exclude evidence of intentional discrimination unconnected to challenged agency decision is denied, although the Court notes that evidence going to intentional discrimination that is not also relevant to disparate impact is not admissible.

11. Defendant's Motion in Limine to bifurcate issue of Plaintiffs' standing to sue is denied.

12. Defendant's Motion in Limine to exclude evidence of classes not identified in second amended complaint is denied. Plaintiffs clarified at the pretrial conference that income level, age and physical conditions are not separate classes.

13. Defendant's Motion in Limine to exclude reports and testimony of Richard Berk is denied. Plaintiffs clarified that Mr. Berk will testify, if at all, on rebuttal regarding a comparison of the top seven transit operators, rather than the three operators compared in his initial expert report.

14. Defendant's Motion in Limine to exclude expert reports and testimony of Thomas Rubin is denied for the reasons stated in the Court's order on Defendant's objections to evidence in connection with summary judgment motions.

15. Defendant's Motion in Limine to exclude expert reports and testimony of Thomas Sanchez is

denied, although he may not testify as to intentional discrimination.

16. Ruling on Defendant's request for judicial notice is deferred.

17. The parties withdrew their objections to witnesses based on Federal Rule of Civil Procedure 37(c). The parties shall meet and confer about which individual witnesses and AC Transit witnesses will be called at trial. Plaintiffs' remaining objections to Celia Kupersmith, Alan Zahradnik, Gayle Prior, Jim DeHart, Michael Scanlon, Maria Espinosa, Joel Slavit, Gigi Harrington, Rick Ramacier, Cindy Dahlgren, Dorothy Dugger, Todd Morgan, Kenneth McDonald, Marguerite Fuller, Michael Burns and Marcella Rensi are overruled. Defendants' remaining objections to Therese McMillan, Alix Bockelman, Randy Rentschler, Doug Kimsey, Ann Flemmer, Lawrence Dahms, Trent Lethco, James Corless and Charles Purvis are overruled. Plaintiffs stated at the hearing that they do not intend to call Greg Karras, Andre Schmake, Carl Anthony and Frank Gallo as witnesses. With respect to Therese McMillan, the parties shall discuss which one or two of Plaintiffs' attorneys will examine Ms. McMillan, keeping in mind that in general, the Court will not permit more than one of Plaintiffs' attorneys to examine Ms. McMillan during the course of one day. Defendant's objection to H.E. Christian Peeples on the ground that he does not speak for the entire AC Transit Board of Directors is overruled based on Plaintiffs' clarification that Mr. Peeples will be called to testify only regarding matters within his personal knowledge and not for the entire Board. The parties shall meet and confer regarding witnesses who will testify as the person most knowledgeable as described on Plaintiffs' witness list.

18. The parties shall provide the Court with a witness binder with key exhibits.

19. The parties shall meet and confer regarding use of demonstrative exhibits and equipment in the courtroom.

**IT IS SO ORDERED.**

Dated: September 19, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

3