IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVIA DARENSBURG, et al.,

    Plaintiffs,

v.

METROPOLITAN TRANSPORTATION COMMISSION,

    Defendant.

No. C-05-01597 EDL

**ORDER RE: DEFENDANT'S OBJECTIONS TO EVIDENCE**

On May 1, 2009, Defendant filed a Motion for Attorneys' Fees following entry of judgment in this matter. On May 27, 2009, the Court denied Defendant's Motion, and on July 7, 2009 issued an Opinion on Defendant's Motion for Attorney's Fees.

On May 26, 2009, MTC filed objections to the declarations of Bill Gallegos and Deborah Johnson that were submitted with Plaintiffs' opposition to Defendant's Motion for Attorneys' Fees. The Court provided Plaintiffs with an opportunity to respond no later than June 10, 2009. Plaintiffs filed their response on June 10, 2009, along with amended declarations of Mr. Gallegos and Ms. Johnson. This Order addresses Defendant's objections.

MTC objects generally that it requested a "balance sheet, financial statement or similar documentation" from CBE and ATU 192, and that the request was ignored. However, Plaintiffs note that MTC did not request this information until April 23, 2009 and did not request any specific type of proof or indicate what kind of financial information it would find satisfactory. See Declaration of Margaret Hassleman ¶ 2. Plaintiffs offered to gather this information, and on April

30, 2009, orally conveyed the available information to MTC, which only then informed Plaintiffs that it sought specific documents. See id. ¶¶ 3-5.

**Gallegos Declaration**

MTC objects to paragraphs 5, 9, and 10 of Mr. Gallegos's declaration regarding CBE's financial condition on the mistaken ground that his testimony is not the best evidence of the information contained in the declaration, citing Federal Rule of Evidence 1002. MTC improperly relies on an unpublished Ninth Circuit case, Groppi v. Barham, 157 Fed. Appx. 10, 12 (9th Cir. 2005), that the best evidence of CBE's financial position is balance sheets, financial statements or similar documentation. Groppi is not citable pursuant to Ninth Circuit Rule 36-3(c). Rule 1002 only requires an original writing to be produced when the issue being proven is the content of the writing itself. See also Fed. R. Evid. 1002, Advisory Committee Notes ("Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. . . . Earnings may be proved without producing books of account in which they are entered"). Further, MTC argues that CBE has an obligation to produce its IRS Form 990 upon request, but did not do so here in response to MTC's request. See 26 U.S.C. § 6104(d). MTC's objection is overruled. Even though financial documents would further support Mr. Gallegos's testimony, Mr. Gallegos's amended declaration makes clear that, as the Executive Director, he is personally familiar with CBE's finances. See Am. Declaration of Bill Gallegos ¶ 1. Moreover, MTC cited CBE's IRS Form 990 in its briefs, so it was not prejudiced by any failure of CBE to produce that document.

MTC objects to paragraphs 4, 10, 11, 12, and 13 of Mr. Gallegos's declaration regarding CBE's financial ability to pay a fee award based on lack of foundation and impermissible expert opinion. MTC's objections are overruled. As stated above, as the Executive Director of CBE, statements of CBE's current and future financial resources are within Mr. Gallagos's personal knowledge. MTC has made no showing to the contrary. Further, Mr. Gallegos does not offer his expert opinion; rather, he testifies as a percipient witness on the issue of the financial condition of CBE. See Fed. R. Evid. 701 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony

or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

MTC objects to paragraph 11 of Mr. Gallegos's declaration pertaining to the financial condition of other foundations as hearsay without an exception. Because the Court did not rely on paragraph 11 in its Opinion and Order on Defendant's Motion for Attorney's Fees, the Court declines to rule on this objection.

MTC objects to paragraphs 10 and 11 of Mr. Gallegos's declaration relating to CBE's prospective revenue stream on the grounds that the statements are speculative and lack foundation. As Executive Director of CBE, Mr. Gallegos is in a position to testify about the organization's revenue prospects in the near future. See also Gallegos Am. Decl. ¶ 1. MTC has made no showing to the contrary. MTC's objections are overruled.

MTC objects to paragraph 12 of Mr. Gallagos's declaration regarding the law governing the use of attorney's fees recovered on the grounds that it lacks foundation and improperly states a legal conclusion. The objection is sustained as to the legal conclusion only. To the extent that paragraph 12 describes CBE's legal department control in fact over attorney's fees, MTC's objection is overruled. Mr. Gallegos, as the Executive Director, has knowledge of how CBE segregates its attorney's fees and can competently attest to that as a lay opinion. See Fed. R. Evid. 701.

**Johnson Declaration**

MTC objects to paragraph 4 of Ms. Johnson's declaration regarding ATU 192's financial condition on the ground that her testimony is not the best evidence of ATU 192's financial situation. For the reasons stated above in connection with this objection to Mr. Gallegos's declaration, MTC's objection is overruled. Further, even though a writing is not required as stated in the Advisory Committee Notes to Rule 1002, the amended declaration of Ms. Johnson sets forth ATU 192's most recent Form LM-2, filed with the United States Department of Labor, stating ATU 192's financial condition. See Am. Decl. of Deborah Johnson at ¶ 5, Ex. A.

MTC objects to paragraphs 4, 5, 6 and 7 of Ms. Johnson's declaration regarding ATU 192's financial ability to pay an attorney's fees award on the grounds that they lack foundation and contain impermissible expert opinion. MTC's objections are overruled for the same reasons stated above

3

with respect to Mr. Gallegos's declaration. As the Financial Secretary of ATU 192, these statements of ATU 192's current and future financial resources are within Ms. Johnson's personal knowledge. MTC has made no showing to the contrary. In any event, Ms. Johnson's amended declaration makes clear that as the Financial Secretary, she is familiar with ATU 192's finances. See Johnson Am. Decl. ¶ 1.

MTC objects to paragraph 5 of Ms. Johnson's declaration pertaining to AC Transit's intended service cuts as hearsay without an exception. Because the Court did not rely on paragraph 5 in its Opinion and Order on Defendant's Motion for Attorney's Fees, the Court declines to rule on this objection.

MTC objects to paragraph 5 of Ms. Johnson's declaration pertaining to ATU 192's future financial condition as speculative and lacking foundation. As ATU 192's Financial Secretary, Ms. Johnson is in a position to testify about the organization's near future revenue prospects. See Johnson Am. Decl. ¶ 1. MTC has made no showing to the contrary. MTC's objections are overruled as stated above with respect to paragraphs 10 and 11 of Mr. Gallegos's declaration.

**IT IS SO ORDERED.**

Dated: July 7, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

4